POLLOCK COHEN LLP
Christopher K. Leung (SBN 210325)
Max E. Rodriguez (admitted *pro hac vice*)
Adam Pollock (to be admitted *pro hac vice*)
Tel: 212-337-5361
Fax: 347-696-1227
Max@PollockCohen.com
*Attorneys for Plaintiff-Relator Roger S. Craig*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ROGER S. CRAIG,<br><br>Plaintiff,<br><br>v.<br><br>HAWTHORNE MACHINERY CO., and COMERICA BANK,<br><br>Defendants. | Case No. 3:20-cv-01625-WQH-AHG<br><br>**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT UNDER SEAL** |

Pursuant to Fed. R. Civ. P. 5.2(d), Fed. R. Civ. P. 15(a)(2), and 31 U.S.C. § 3730(b)(2), Relator Roger S. Craig hereby moves for leave to e-file under seal a second amended *qui tam* complaint (and associate motion materials) in the above-captioned case. In support of this motion, counsel for Mr. Craig states the following.

## BACKGROUND

1. The original complaint in this case was filed under seal on August 21, 2020. ECF No. 1.

2. On March 11, 2021, Mr. Craig filed a first amended complaint as of right while this case was still under seal. ECF No. 2.

3. At the time, Mr. Craig was represented by other counsel — not the undersigned — who have withdrawn from the representation and no longer represent Mr. Craig. Mr. Craig's prior counsel moved to withdraw on December 7, 2022, and the Court granted that motion on December 20, 2022. ECF Nos. 17, 21.

4. Since taking over the representation of Mr. Craig, the undersigned have engaged in extensive discussions with counsel for Defendants, as well as an informal exchange of documents, to determine how best to proceed in this case.

5. On that basis, the parties sought, and the Court granted, a motion to extend the Defendants' deadline to answer the complaint. ECF Nos. 39, 40.

6. No answer or motion to dismiss has yet been filed in this case.

## LEAVE TO AMEND

7. Based on conversations with counsel for Defendants and documents provided to counsel for Mr. Craig, counsel on Mr. Craig's behalf seeks leave to file a second amended complaint.

8. The proposed second amended complaint would change the parties in this case, removing Comerica Bank as a defendant and adding as defendants individuals Brian Verhoeven, Tee Ness, and David Ness.

9. The proposed second amended complaint also makes substantial changes to the allegations in this case, including but not limited to providing a newly particularized theories of liability as well as allegations pertaining to the new proposed individual defendants. These changes are based on newly acquired documents and discussions with Defendants.

10. Leave to file an amended complaint "should [be] freely give[n] [] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has said that this policy should be "applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal citations omitted).

11. In considering a motion for leave to amend, courts consider the following factors: "(1) whether the party seeking the amendment has acted in bad faith; (2) whether undue delay will result from amendment; (3) whether the opposing party will be unduly prejudiced; and (4) whether amendment would be futile. *J.G. by Goulding v. San Diego Unified Sch. Dist.*, No. 22-CV-01605-AJB-MSB, 2023 WL 3147903, at *2 (S.D. Cal. Apr. 28, 2023) (internal citation omitted).

12. Absent some showing of "prejudice, or a strong showing" of other factors, there is a "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2013).

13. Here, no factors weigh against granting leave to amend. Relator has not acted in bad faith, no undue delay would occur because the case is still in its earliest stages, no prejudice would occur, and amendment would not be futile.

## LEAVE TO FILE UNDER SEAL

14. Should the Court grant Relator leave to file the proposed second amended complaint, Relator also hereby seeks leave to e-file the second amended complaint under seal, following the procedure under the False Claims Act. 31 U.S.C. § 3730(b)(2).

15. A relator filing a *qui tam* complaint is required to file the complaint "in camera" and the complaint "shall not be served on the defendant until the court so orders" service after unsealing. *Id.*

16. When a relator seeks leave to amend a *qui tam* complaint in a manner that substantively alters the allegations, including but not limited to adding substantively new allegations and/or adding new parties, it is common practice to file the amended complaint under seal, serve the complaint on the government, and provide the government with the opportunity to review the new allegations and make a new intervention or declination decision before the case is again unsealed. *See, e.g., United States ex rel. Kolchinsky v. Moody's Corp.*, 162 F. Supp. 3d 186, 198 (S.D.N.Y. 2016) ("[I]f an amended complaint adds new and substantially different allegations of fraud, re-sealing may be required." (internal quotation marks omitted)); *United States ex rel. Davis v. Prince*, 766 F. Supp. 2d 67, 685 (E.D. Va. 2011) (rejecting need for amended complaint to have been filed under seal because it was "substantially similar to the original complaint"); *United States ex rel. Wilson v. Bristol Myers Squibb, Inc.*, 2011 WL 2462469, at *6 (D. Mass. June 16, 2011)

(rejecting proposed third amended complaint not filed under seal because "allegations in the TAC are not substantially similar to those in the prior complaints" and allegations against new defendants were not made in relator's "Original Complaint or his FAC"); *United States ex rel. McCurdy v. General Dynamics Nat. Steel and Shipbuilding*, 2010 WL 1608411, at *2 (S.D. Cal. Apr. 20, 2010) (ordering clerk to seal amended complaint out of "concern[] with the jurisdictional issues surrounding *qui tam* FCA actions" to allow the government an opportunity to make a new intervention decision even though the court found "the First Amended Complaint appears to state the same claims for relief, but with more detail").

17. As explained above, Relator's proposed second amended complaint adds substantively new allegations and new parties. Accordingly, Relator respectfully submits it would be most appropriate to file the complaint under seal, with service only to the government and not the defendants, until the government has an opportunity to review the second amended complaint and decide whether to maintain its election to decline intervention.

18. Upon filing of this motion and the supporting materials, the undersigned intends to separately relay to the United States his intention to file the proposed amended complaint under seal by e-mail.

**TREATMENT OF SECOND AMENDED COMPLAINT IF UNSEALED**

19. On March 3, 2023, the Court granted in part a joint motion for a protective order in this case. ECF No. 31.

20. Pursuant to that protective order, Defendant Hawthorne Machinery Co. provided certain documents currently designated as "CONFIDENTIAL" to counsel for Relator.

21. Certain of those documents currently designated as "CONFIDENTIAL" are referenced in the proposed second amended complaint.

-4- Case No. 3:20-cv-01625-WQH-AHG
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT UNDER SEAL

22. Relator seeks leave to file the second amended complaint (and associated moving materials) under seal for consideration by the government. Accordingly, no public copy of the complaint with redactions is necessary at this time.

23. Should the government again elect to decline intervention in this case, an unsealed complaint will be necessary. For purposes of unsealing, assuming redactions are necessary to comply with the Protective Order, counsel for Relator will file an unsealed version of the second amended complaint with redactions.

24. Pursuant to the Protective Order, Relator also retains and reserves the right to challenge the designations of any such documents, which may also make filing a public redacted copy of the proposed second amended complaint unnecessary. *See* ECF No. 31, ¶ 13 (providing that a party can object to a designation "[a]t any stage of these proceedings and without limitation from the date such materials are received").

(continued on next page)

## CONCLUSION

25. For the foregoing reasons, Relator respectfully requests that the Court grant leave to file a second amended *qui tam* complaint (and associated motion materials) in this case under seal until such time as the government elects to intervene or elects again to decline intervention.

Dated: June 10, 2023
New York, NY

Respectfully submitted,

By: /s/ Max E. Rodriguez

Christopher K. Leung (SBN 210325)
Max Rodriguez (admitted *pro hac vice*)
Adam Pollock*
POLLOCK COHEN LLP
111 Broadway, 18th Floor
New York, NY 10006
Tel: (212) 337-5361
Email: max@pollockcohen.com

*Counsel for Plaintiff-Relator Roger S. Craig*

*(to be admitted *pro hac vice*)