UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ROGER S. CRAIG,<br><br>       Plaintiff,<br><br>v.<br><br>HAWTHORNE MACHINERY CO. and COMERICA BANK,<br><br>       Defendants. | Case No.:  20-cv-1625-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

**I.     BACKGROUND**

On August 21, 2020, Plaintiff-Relator Roger S. Craig ("Relator") initiated this action on behalf of the United States of America by filing a Complaint under seal against Defendants Hawthorne Machinery Co. ("Hawthorne Machinery") and Comerica Bank ("Comerica"), alleging violations of the False Claims Act ("FCA"). (ECF No. 1.)

On March 11, 2021, Relator filed a First Amended Complaint ("FAC"), the operative complaint, against Defendants, bringing two claims for violations of the FCA. (ECF No. 4.)

On November 16, 2022, the Court issued an Order stating that the United States declined to intervene and ordering that the Complaint, FAC, that Order, and all further matters be unsealed and served on Defendants. (ECF No. 13 at 1–2; *see* ECF No. 15 (Government's Notice of Election to Decline to Intervene).) The Court's Order further stated that the United States "is entitled to intervene in this action, for good cause, at any time." (ECF No. 13 at 2.)

On June 12, 2023, Relator submitted to the Court a Motion for Leave to File Second Amended Complaint Under Seal, which was not filed on the docket. In the Motion, Relator requests leave to file the Motion under seal. (Motion for Leave to File Second Amended Complaint at 3.) The Court construes this request as a Motion to Seal. *Id.*

## II.  MOTION TO SEAL

Relator contends that the "proposed second amended complaint adds substantively new allegations and new parties." *Id.* at 4. Relator contends that the proposed second amended complaint removes Comerica as a Defendant and adds three individuals as defendants. *Id.* at 2. Relator contends that the proposed second amended complaint "makes substantial changes to the allegations in this case, including but not limited to providing [] newly particularized theories of liability as well as allegations pertaining to new proposed individual defendants." *Id.* Relator contends that such changes "are based on newly acquired documents and discussions with Defendants." *Id.* Relator contends that given the substantively new allegations and new parties, "it would be most appropriate to file the document under seal … until the government has had an opportunity" to decide whether to intervene. *Id.* at 4.

Pursuant to the FCA, a plaintiff "must file his complaint under seal and serve a copy and supporting 'material evidence' on the Government alone." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 143 S. Ct. 1720, 1727 (2023) (quotations and alteration omitted); *see* 31 U.S.C. § 3730(b)(2). The Government has sixty days, or longer if extended for "good cause," to make a determination whether "to intervene and proceed with the action." 31 U.S.C. § 3730(b)(2)–(b)(3). "Only if the Government passes on intervention

does the relator 'have the right to conduct the action.'" *Polansky*, 143 S. Ct. at 1728 (quoting 31 U.S.C. § 3730(b)(4)(B)). However, even if the Government passes on intervention, it "is a 'real party in interest'" and retains continuing rights. *Id.* (quoting *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 930 (2009)). Thus, "the Government can intervene after the seal period ends, so long as it shows good cause to do so." *Id.*

The Court of Appeals for the Ninth Circuit has explained that the FCA sealing provision "allow[s] the *qui tam* relator to start the judicial wheels in motion and protect his litigative rights, while allowing the government the opportunity to study and evaluate the relator's information for possible intervention in the *qui tam* action or in relation to an overlapping criminal investigation." *United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1994). The primary purpose behind the sealing provision is to allow the Government the opportunity to evaluate the Government's interest in intervening. *See also United States v. Acad. Mortg. Corp.*, No. 16-cv-02120-EMC, 2018 WL 3208157, at *2 (N.D. Cal. June 29, 2018) ("The seal period in *qui tam* suits under the False Claims Act is meant to facilitate government investigation without tipping off the defendant."). Courts in this Circuit and other circuits have decided that an amended complaint that is substantially similar to the original complaint does not need to be filed under seal because the Government has already had the opportunity to investigate. *See E. Bay Mun. Util. Dist. v. Balfour Beatty Infrastructure, Inc.*, No. 13-cv-02032, 2014 WL 2611312, at *3 (N.D. Cal. June 11, 2014) (collecting cases); *Acad. Mortg. Corp.*, 2018 WL 3208157, at *2.

Here, Relator's proposed second amended complaint ("proposed SAC") seeks to remove Comerica as a Defendant and add three individuals, who are Hawthorne Machinery principals. The proposed SAC relates to the same alleged fraudulent misconduct raised in the original Complaint and FAC. The proposed SAC does not add any new claims, nor does it add any defendants that are unrelated to the Defendants named in the FAC. Relator has given no detailed explanation as to how the proposed SAC is substantially different from the FAC. Relator's Complaint and FAC, which have been unsealed, put the

Government on notice of Hawthorne Machinery's potential involvement in the fraudulent scheme and gave the Government the opportunity to investigate Hawthorne Machinery. The Government had over one and a half years to investigate the FAC. Because the suit here has already been unsealed after the Government's election to decline intervention of the FAC, *see* ECF Nos. 13, 15, Hawthorne Machinery was already alerted to the alleged fraudulent misconduct allegations. Accordingly, sealing of the proposed SAC would not likely aid the Government's investigation considering that the only new defendants are principals of an FAC Defendant that was already on notice and served. (*See* ECF No. 24.) Additionally, the Government may intervene in this action for good cause at any time. (*See* ECF No. 13; *see also Polansky*, 143 S. Ct. at 1727.) Relator's Motion to Seal the entirety of the Motion for Leave to File Second Amended Complaint is denied.

Relator states that if the proposed SAC is not sealed, he requests to file "an unsealed version of the second amended complaint with redactions" in order to "comply with the Protective Order" that was previously granted in this case due to Hawthorne Machinery designating documents as confidential. (Motion for Leave to File Second Amended Complaint at 4–5.) The Court grants this request and will provisionally seal the proposed SAC to allow Hawthorne Machinery an opportunity to file a motion to seal the portions of the proposed SAC it contends are confidential.

### III.   CONCLUSION

IT IS HEREBY ORDERED that the Motion to Seal the Motion for Leave to File Second Amended Complaint is denied in part and granted in part. Relator's request to seal the entirety of the Motion for Leave to File Second Amended Complaint is denied. The Clerk of Court is directed to file on the public docket this Order along with the Motion for Leave to File Second Amended Complaint, and file the proposed SAC under seal with access only available to the Parties and the Government. Relator shall file publicly a redacted version of the proposed SAC within **seven (7) days** of the entry of this Order. No later than **fourteen (14) days** from the date this Order is filed, Hawthorne Machinery may file a motion to seal the unredacted version of the proposed SAC, containing justification

for continuing to seal the redacted portions of the proposed SAC. If Hawthorne Machinery fails to timely file a motion to seal or fails to justify the sealing of the redacted portions of the proposed SAC, the Court will order the unredacted version of the proposed SAC to be unsealed.

The Motion for Leave to File Second Amended Complaint remains pending. Any response to the Motion for Leave to File Second Amended Complaint shall be filed within **twenty-one (21) days** from the entry of this Order. Any reply in support of the Motion for Leave to File Second Amended Complaint may be filed within **seven (7) days** from the date any response is entered on the docket.

Dated:  July 10, 2023

Hon. William Q. Hayes
United States District Court