POLLOCK COHEN LLP
Max E. Rodriguez (admitted *pro hac vice*)
Adam Pollock (admitted *pro hac vice*)
(212) 337-5361
Max@PollockCohen.com

Li Yu (*pro hac vice* motion pending)
Molly Knobler (admission pending)
DiCELLO LEVITT LLP
485 Lexington Ave., Suite 1001
New York, NY 10017
Tel: (212) 337-5361
Email: lyu@dicellolevitt.com
*Attorneys for Plaintiff-Relator Roger S. Craig*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ROGER S. CRAIG,<br><br>       Plaintiff,<br><br>       v.<br><br>HAWTHORNE MACHINERY CO., BRIAN VERHOEVEN, TEE NESS, and DAVID NESS,<br><br>       Defendants. | Case No. 3:20-cv-01625-WQH-AHG<br><br>**DECLARATION OF ROGER S. CRAIG** |

I, ROGER S. CRAIG, declare as follows:

1.    I am the Relator in the above-captioned action. I submit this declaration in opposition to the Defendants' Motion to Dismiss the Second Amended Complaint ("SAC"). This declaration is based on facts within my own personal knowledge. If called as a witness, I could and would competently testify thereto.

2.    I was a Finance Manager at Hawthorne Machinery Co. ("Hawthorne") from October 14, 2019, until I was terminated effective on April 3, 2020.

3.     In my capacity as Finance Manager at Hawthorne, I was directly involved in most transactions that Hawthorne and its affiliates entered into, including sales and leases. Among other things, I had to review and approve outgoing check requests, perform lien searches, prepare wires, review financing submissions, and interact with other departments at Hawthorne and its affiliates to ensure that transactions were assessed and entered into in the appropriate way.

4.     I have 38 years of experience in business, of that 34 years related to the heavy machinery sales industry, working for companies like John Deere, CIT Group, Caterpillar Financial Services, and others. This experience has provided me with a holistic understanding of how businesses like Hawthorne operate.

5.     As laid out in the SAC and the memorandum prepared by my attorneys in opposition to the motion to dismiss, I have alleged two independent ways in which Defendants violated the False Claims Act in applying for, obtaining, and successfully seeking forgiveness for a Paycheck Protection Program ("PPP") loan of $8,083,800 for Hawthorne and two affiliated entities, Hawthorne Pacific Corporation ("Hawthorne Pacific") and Hawthorne of Samoa, Inc. ("Hawthorne Samoa").

6.     First, the SAC alleges that Defendants omitted another affiliated entity, CQ Pacific LLC, from Hawthorne's PPP application. CQ Pacific should have been included for purposes of calculating the total number of employees at Hawthorne and its affiliates because it was one of the affiliates. This, in turn, had a direct effect on whether Hawthorne was eligible for the PPP loan.

7.     I learned about CQ Pacific's affiliation with Hawthorne while I was an employee at Hawthorne. While working there, I was introduced to another Hawthorne employee in the Parts Department who — in addition to her Hawthorne-specific responsibilities — was tasked with reconciling inventory for CQ Pacific's CarQuest business.

DECLARATION OF ROGER S. CRAIG IN OPPOSITION TO MOTION TO DISMISS

8.     But for my employment at Hawthorne, I most likely would not have understood Hawthorne's affiliation with CQ Pacific or have recognized Defendants' false claim by omitting CQ Pacific from Hawthorne's PPP application. I also would not have recognized how Defendants sought to obscure the affiliation between Hawthorne and CQ Pacific by using a retail address for CQ's own PPP loan.

9.     Further, without having worked at Hawthorne, I would not have been in a position to know that Hawthorne did not operate as a franchise in 2020.

10.    Second, the SAC alleges that Defendants systematically misrepresented and undercounted the employee headcount at Hawthorne, Hawthorne Samoa, and Hawthorne Pacific. Specifically, Defendants claimed in the PPP application that those three entities only had 489 employees, when they in fact had over 500 employees. This made those entities ineligible for a PPP loan independently from the Defendants' omission of CQ Pacific from the list of affiliates.

11.    As Finance Manager at Hawthorne, I was involved in sales transactions involving construction equipment by Hawthorne, Hawthorne Samoa, and Hawthorne Pacific in California, Hawaii, Guam, Saipan, and American Samoa. I worked with employees in sales, service, parts, rental, and technology departments in each company to advise them on potential transaction structures for their deals. By working closely with people across all three entities, I learned how they were structured and generally how many employees worked across the whole organization (i.e., across all three affiliated entities called Hawthorne).

12.    But for my employment at Hawthorne, I would not have been able to provide the detailed allegations in the SAC concerning Hawthorne's structure, operations, and discrepancies in the payroll documents that Defendants submitted in connection with the PPP loan.

13.    To supplement my knowledge gained from working at Hawthorne, I reviewed a variety of sources —both public and non-public— referenced in the SAC.

14. Attached as Exhibit 1 is a true and correct copy of Hawthorne's PPP application, bates stamped HMC0000007–0000012.

15. Attached as Exhibit 2 is a true and correct copy of an excerpt of Hawthorne's Responses to Written Interrogatories requested by the Department of Justice pursuant to a Civil Investigative Demand in this action, including pages bates stamped HMC0001425, 1447, and 1449.

16. Attached as Exhibit 3 is a true and correct copy of a PPP Affiliation Worksheet issued by the SBA to assist applicants in the second round of the PPP program in 2021.

17. Attached as Exhibit 4 is a true and correct copy of the *qui tam* complaint in *U.S. ex rel. Jones v. Victory Automotive Group, LLC et al.*, 8:21-cv-1742 (M.D. Fla).

18. Attached as Exhibit 5 is a true and correct copy of the Government's settlement agreement with the defendants in *U.S. ex rel. Jones v. Victory Automotive Group, LLC et al.*, 8:21-cv-1742 (M.D. Fla).

19. Attached as Exhibit 6 is a true and correct copy of an email containing sales information about the Annie Lu, a superyacht I understand is beneficially owned by the Ness family. It is not an article or any other form of news media.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 27, 2023 in Vancouver, Washington.

By: _Roger S. Craig_
Roger S. Craig