Edward C. Walton (Bar No. 78490)
E-mail: ed.walton@procopio.com
Eric A. Plourde (Bar No. 320451)
E-mail: eric.plourde@procopio.com
PROCOPIO, CORY, HARGREAVES
   &amp; SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

*Attorneys for Hawthorne Machinery Co.*

# UNITED STATES
# DEPARTMENT OF JUSTICE

| Hawthorne Machinery Co. | Civil Investigative Demand No. 22-53 |
|---|---|
| | **Responses to Written Interrogatories** |

## PRELIMINARY STATEMENT

    Hawthorne Machinery Co. ("Hawthorne" or "Respondent") hereby submits the following responses to the Interrogatories (the "Interrogatories") set forth in Civil Investigative Demand No. 22-53 (the "CID"). Hawthorne's responses to the Interrogatories are made to the best of Respondent's present knowledge, information, and belief. Respondent reserves the right to supplement and amend these responses should future investigation indicate that such supplementation or amendment is necessary. Respondent's responses should in no way be considered prejudicial in relation to further discovery, investigation, research, analysis, or production of evidence.

    Respondent's responses to the Interrogatories are made based on Respondent's reasonable understanding and interpretation of the Interrogatories. Respondent's responses should in no way be considered prejudicial to its ability to amend these responses should further discovery, investigation, research, analysis or production of evidence cause its interpretation of the Interrogatories to change.

**CONFIDENTIAL: FOIA CONFIDENTIAL TREATMENT REQUESTED**

then to consider it affiliated (without any waiver) for the purpose of completing its own PPP application.

This fact becomes more apparent if the issue of the 500-employee threshold is removed and Hawthorne considered itself, HPC, and HMS as affiliates (addressed in more detail below). If Hawthorne had 400 employees, considered CQ as one of its non-waived affiliates, and filed a PPP application for its 400 employees as well as CQ's 61 employees, it would have received PPP money for 461 employees. If CQ then filed its own PPP application, it would have received PPP funds for its 61 employees as well, resulting in the government providing PPP funds twice for the same 61 employees. As this seemed illogical and potentially improper, Hawthorne did not include CQ in its PPP application.

### III. HAWTHORNE DID NOT SUBMIT SEPARATE PPP APPLICATIONS FOR ITSELF, HPC, OR HMS BASED ON THE WAIVER REQUIREMENT OF OPERATING AS A FRANCHISE.

Hawthorne did not submit separate PPP applications for itself, HMS, and HPC and selected "No" when asked, "Is the Applicant a franchise that is listed in the SBA's Franchise Directory," on its PPP application because it was concerned with calling these entities "franchises" (and indicating that each "operated as a franchise" as required by the PPP) when a large portion of their revenue comes from activities unrelated to their franchise related business despite the fact that they are assigned a franchise identifier code. It was (and is) Hawthorne's understanding that the franchise waiver applied to any business concern which is both "operating as a franchise" and "assigned a franchise identifier code" by the SBA. But the meaning of "operating as a franchise" was never clarified to Hawthorne's knowledge. In the absence of any guidance for companies who could be considered "partial" franchises (i.e., companies with only a portion of their revenue generated by franchise-related business), and with CQ being an example of a business that only "operated as a franchise", when it filed its PPP application, Hawthorne did not consider HPC, HMS, or itself as franchises for purposes of the waiver, but did understand CQ to be a franchise for purposes of the waiver because CQ has a franchise identifier code and operates as a franchise.

**CERTIFICATE OF COMPLIANCE**

Hawthorne Machinery Co. has responsibility for answering interrogatory numbers 1-7 in Civil Investigative Demand No. 22-53. I hereby certify that all the information required by the Civil Investigative Demand and in the possession, custody, control, or knowledge of the person to whom the Civil Investigative Demand is directed has been submitted. To the extent information has not been furnished, the information is identified and the reasons why the information was not furnished are set forth with particularity. Additionally, if any such information has not been produced because of a lawful objection, the objection to the interrogatory and the reasons for the objection have been stated.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on ____5/12/2022____ (date).

Signature: _Brian Verhoeven_
Printed: _Brian Verhoeven_
Title: _CFO_

CONFIDENTIAL: FOIA CONFIDENTIAL TREATMENT REQUESTED

HMC0001449