# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ROGER S. CRAIG,<br><br>                              Plaintiff,<br><br>v.<br><br>HAWTHORNE MACHINERY CO., BRIAN VERHOEVEN, TEE NESS, and DAVID NESS,<br><br>                             Defendants. | Case No.: 3:20-cv-01625-WQH-AHG<br><br>**ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND SETTING SECOND EARLY NEUTRAL EVALUATION CONFERENCE** |

The Court held an Early Neutral Evaluation Conference on December 4, 2024. ECF No. 74. The Court finds that continued settlement discussions will be beneficial to the parties. As discussed during the conference, the Court orders as follows:

1. Since the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f), the Court considers discovery to be open. *See* ECF No. 70 at 3.

2. The Court **SETS** a Second Early Neutral Evaluation Conference ("ENE") for **January 31, 2025** at **9:30 a.m.** *via videoconference* before Magistrate Judge Allison H. Goddard. The Court requires attendance of all parties, party representatives with

full[1] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation via videoconference.

    A.    The Court incorporates the videoconference procedures set forth in ECF No. 70 at 4–6.

    B.    Each party must submit a Confidential, Supplemental ENE Statement to the Court via email (to efile_goddard@casd.uscourts.gov) by **January 24, 2025**. As discussed, the Court will not put a page limit on the parties' exhibits—the parties may submit any additional information they think would be useful to the Court, given the conversations during the December 4, 2024, ENE.

        i.    The Court may use GenAI tools to review the information that the parties submit. Either party may object to the Court's use of such tools by advising the Court's law clerk of that objection when they submit the information. The Court will respect that objection without any further explanation, and the Court's law clerk will only communicate to Judge Goddard that there was an objection, not which party made the objection.

    C.    No later than **January 24, 2025**, counsel for each party shall send an email to the Court (at efile_goddard@casd.uscourts.gov) containing: (1) the name and title of each participant, (2) an email address for each

---

[1] A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

participant, and (3) a cell phone number for that party's preferred point of contact. Court staff will send the Zoom invitation to all participants in advance of the conference.

   D.   During the Second ENE, all participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference. Counsel are also advised that although the ENE will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

3. The Court **CONTINUES** the Case Management Conference ("CMC") that was originally scheduled for December 4, 2024. *See* ECF No. 74. In the event the case does not settle at the Second ENE on January 31, 2025, the Court will immediately thereafter hold a continued CMC pursuant to Fed. R. Civ. P. 16(b). Appearance of the parties at the CMC is not required.

**IT IS SO ORDERED.**

Dated: December 4, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge