

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ROGER S. CRAIG,<br><br>                                    Plaintiff,<br><br>v.<br><br>HAWTHORNE MACHINERY CO., BRIAN VERHOEVEN, TEE NESS, and DAVID NESS,<br><br>                                    Defendants. | Case No.:  20-cv-1625-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

On June 8, 2026, the Court issued an Order granting summary judgment in favor of Defendants Hawthorne Machinery Co., Brian Verhoeven, Tee Ness, and David Ness (collectively, "Defendants"). (ECF No. 108.) On the same day, the Clerk of Court entered judgment to that effect and closed this case. (ECF No. 109.)

On June 18, 2026, Defendants filed a Bill of Costs in the amount of $20,932.11. (ECF No. 110.) The Clerk of Court issued a Notice setting a Hearing on the Bill of Costs for July 9, 2026 at 10:30 a.m. (ECF No. 111.)

On June 23, 2026, Plaintiff-Relator Roger S. Craig ("Plaintiff") filed a Notice of Appeal regarding the Court's June 8, 2026 Order granting summary judgment. (ECF No. 115.)

On July 1, 2026, Plaintiff filed the pending Motion to Defer the Taxation of Costs Pending Appeal (the "Motion to Defer Taxation"). (ECF No. 118.) On July 7, 2026, in light of the Motion to Defer Taxation, the Clerk of Court vacated the Hearing on the Bill of Costs set for July 9, 2026. (ECF No. 120.) On July 10, 2026, Defendants filed an Opposition to the Motion to Defer the Taxation. (ECF No. 122.)

Plaintiff requests that the Court defer taxation of costs pending his appeal of the Court's June 8, 2026 Order or, in the alternative, stay enforcement of any award of costs during his appeal. (ECF No. 118-1 at 2.) Plaintiff submits a declaration stating that taxation of costs in this action will "impose an undue financial burden" on him, including a likelihood that he will "miss rent or mortgage payments, risk utility shutoffs, reduce food and essential spending below subsistence levels, jeopardize [his] transportation and otherwise jeopardize [his] basic needs." (ECF No. 118-2 ¶ 9.) Plaintiff also contends that "[d]eferring taxation promotes judicial efficiency and avoids serial motion practice" because the Ninth Circuit may modify the Court's judgment and "recoverable costs may change." (ECF No. 118-1 at 4.) In response, Defendants contend that an appeal does not require the deferral of taxation of costs and that a stay of enforcement of costs is unwarranted in this action. (ECF No. 122 at 7–14.) Defendants contend that, "[i]f the Court is inclined to stay enforcement, it should condition any stay on a bond or other adequate security in the full amount of the taxed costs, plus any applicable interest." *Id.* at 11.

Federal Rule of Civil Procedure 54 provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Local Rules for Southern District of California also provide specifically that, "[e]xcept as otherwise provided by law, costs will be taxed on the date set *notwithstanding the fact that an appeal may have been filed.*" S.D. Cal. Civ L.R. 54(g)(5) (emphasis added). Therefore, Plaintiff's appeal of the

20-cv-1625-WQH-AHG

Court's June 8, 2026 Order granting summary judgment does not provide adequate basis to defer the taxation of costs in this action. With respect to Plaintiff's request to defer the taxation of costs during the pendency of his appeal, the Motion to Defer Taxation is denied.

In considering whether to grant a stay of the enforcement of an award of costs pending appeal, a district court must consider: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see Hamilton v. TBC Corp.*, No. CV171060DMGJEMX, 2020 WL 5982391, at *2 (C.D. Cal. Feb. 13, 2020) (applying this standard to a motion to stay enforcement of costs during an appeal). "The first two factors of the traditional standard are the most critical." *Nken*, 556 U.S. at 434.

With respect to the likelihood of success on the merits of his appeal, Plaintiff contends that the Court "applied the incorrect standard for determining whether [he] has demonstrated that the question of materiality should go to the jury," "gave the Small Business Administration's forgiveness of the at-issue PPP loan too much weight," and improperly considered "factors showing that Defendants acted with the requisite scienter." (ECF No. 118-1 at 5.) Defendants respond that Plaintiff "repackages merits arguments the Court already rejected," and fails to demonstrate that summary judgment was not warranted on the independent materiality and scienter elements of Plaintiff's claims. (ECF No. 122 at 9.) The Court finds that Plaintiff identifies with specificity the grounds on which he brings his appeal. His contentions, despite having been considered by the Court at the summary judgment stage, raise a possibility of success that is greater than "negligible." *Nken*, 566 U.S. at 434 (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999)); *see Hamilton*, 2020 WL 5982391 at *3 (finding that this factor weighs against a stay because the plaintiff "made no substantive argument for why they believe their merits appeal will be successful"). The first factor weighs in favor of granting a stay.

20-cv-1625-WQH-AHG

With respect to whether he will suffer irreparable injury absent a stay, Plaintiff contends that enforcement of a costs award will cause him undue financial hardship. (ECF No. 118-1 at 5; ECF No. 118-2 ¶¶ 3–6 (listing Plaintiff's monthly income, monthly expenses, assets, and debts).) Defendants respond that an "obligation to pay a monetary judgment does not, standing alone, constitute irreparable harm" and that the "claimed hardship from [the] cost award must be weighed against the fact that [Plaintiff] voluntarily initiated this litigation and imposed substantial defense and resource costs on Defendants over a six-year period." (ECF No. 122 at 10.) Plaintiff's declaration makes evident that payment of the requested $20,932.11 award of costs would cause significant financial hardship and may unduly affect his ability to care for himself. (ECF No. 118-2 ¶¶ 3–9.) Accordingly, the second factor weighs in favor of granting a stay. *Cf. Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1248–49 (9th Cir. 2014) (holding that, in the context of denying an award of costs entirely, a court properly considered a litigant's "limited financial resources").

With respect to whether Defendants would be substantially injured by the issuance of a stay, Plaintiff contends that Defendants can seek to recover costs with interest, if the Court's summary judgment order is affirmed. (ECF No. 118-1 at 5–6.) Defendants respond that, as the "prevailing parties," they should "not be forced to wait indefinitely—potentially for years during the appellate process—to recover these costs." (ECF No. 122 at 11.) Defendants also contend that, "[i]f [Plaintiff's] financial circumstances deteriorate further during the pendency of appeal[,] Defendants' ability to collect costs will be further diminished." *Id*. The Court finds that Defendants have an interest in the recovery of costs owed to them under Federal Rule of Civil Procedure 54, but that they do not identify particular injury that is likely to occur if that recovery is delayed during appellate proceedings nor any facts to indicate a greater likelihood that Plaintiff will be incapable of paying costs after the pendency of the appeal. The third factor is neutral and does not weigh in favor of granting or denying a stay.

20-cv-1625-WQH-AHG

With respect to the public interest, Plaintiff contends that an award of costs "would have a chilling effect on other potential and actual False Claims Act relators" who may file similar actions "to represent the government's interest in fighting fraud against the government fisc." (ECF No. 118-1 at 6.) Defendants respond that the "chilling effect" described by the Ninth Circuit in the context of civil rights actions does not apply to this qui tam action under the False Claims Act, which includes financial incentives for individuals to file actions on behalf of the United States. (ECF No. 122 at 11–12.) Defendants contend that the public interest is served by the "consistent application of Rule 54(d)(1)." *Id.* at 12. The False Claims Act provides incentives to qui tam plaintiffs filing actions on behalf of the government, and the Court does not find that incurring usual and expected costs in litigation will unduly dissuade whistleblower plaintiffs from filing actions. *See* 31 U.S.C. § 3730(d). Likewise, the Court does not find that its discretionary application of Rule 54(d) would harm the public interest. *Cf. Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) ("[Rule 54(d)(1)] "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs."). The fourth factor is neutral and does not weigh in favor of granting or denying a stay.

Considering the likely financial hardships that Plaintiff would incur upon enforcement of an award of costs against him and the plausible basis upon which he appeals the Court's June 8, 2026 Order granting summary judgment, there is good cause to issue a stay of enforcement pending his appeal.

Federal Rule of Civil Procedure 62 provides that, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). District courts, however, retain discretion to stay the execution of a judgment pending appeal without requiring the appellant to post a bond. *Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990). Here, the Court declines to require Plaintiff to post a bond or other security.

20-cv-1625-WQH-AHG

IT IS HEREBY ORDERED that the Motion to Defer Taxation (ECF No. 118) is granted in part and denied in part. The Clerk of Court shall issue a revised Notice setting a Hearing on the Bill of Costs. The enforcement of any award of costs determined at the Hearing shall be stayed pending the resolution of Plaintiff's appeal of the Court's June 8, 2026 Order.

IT IS FURTHER ORDERED that the parties shall file a Status Report within ten (10) days of any dispositive ruling from the Ninth Circuit.

Dated:  August 11, 2026

Hon. William Q. Hayes
United States District Court

20-cv-1625-WQH-AHG